**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| John Meggs, et al.,<br>Plaintiffs,<br>v.<br>Chetak Development,<br>Defendant. | Case No. 2:26-cv-00483-NJK<br>**ORDER**<br>[Docket No. 9] |

Pending before the Court is Defendant's motion to dismiss. Docket No. 9. The Court has considered Defendant's motion, Plaintiffs' response, and Defendant's reply. Docket Nos. 9, 15, 16. The parties have consented to the undersigned magistrate judge presiding over this case. *See* Docket; *see also* Fed. R. Civ. P. 73. The motion to dismiss is properly resolved without a hearing. *See* Local Rule 78-1.

Plaintiff John Meggs is a California citizen who has paraplegia, cannot walk, uses a wheelchair, and is a serial litigant. *See* Docket No. 1 at 3-4. *See also, e.g., Meggs v. Viv Sahara Rainbow LLC*, 26-cv-1781-CDS-NJK; *Meggs v. Dalascas Nick & Georgia Trust 1/2*, 26-cv-1767-RFB-DJA; *Meggs v. KGR 1760 OPS LLC*, 26-cv-1613-CDS-EJY; *Meggs v. O'Bannon Development LLC*, 26-cv-1608-GMN-BNW; *Meggs v. Las Vegas Grand Prix, Inc.*, 26-cv-1406-JAD-DJA; *Meggs v. Shara Party Center Inc.*, 26-cv-574-JAD-MDC; *Meggs v. Ideaglo, LLC*, 26-cv-431-CDS-DJY; *Meggs v. Trop East Plaza*, LLC, 26-cv-342-ART-NJK; *Meggs v. Tropicana Blue Skies LLC*, 26-cv-341-ART-NJK; *Meggs v. Close Spring Mountain Plaza*, 26-cv-255-GMN-DJA; *Meggs v. SRP Plaza, L.P.*, 25-cv-850-JAD-BNW; *Meggs v. L.A. Pacific Center, Inc.*, 24-cv-2021-JAD-BNW; *Meggs v. Joseph DeLucia LLC*, 24-cv-2020-APG-DJA; *Meggs v. Ike Gaming, Inc.*, 24-cv-2019-GMN-MDC; *Meggs v. Culichi Sushi Inc.*, 23-cv-1124-CDS-BNW; *Meggs v. Circa Hospitality Group II LLC*, 23-cv-2228-RFB-MDC; *Meggs v. Tropicana Gardens, Inc.*, 23-cv-619-JCM-EJY; *Meggs v. Vegas Development LLC*, 21-cv-1413-CDS-EJY; *Meggs v. Nevada*

*Property 1 LLC*, 21-cv-1231-GMN-NJK; *Meggs v. PT's Pub East*, 19-cv-773-JAD-BNW; *Meggs v. Lucky Lucy D, LLC*, 18-cv-930-APG-PAL; *Meggs v. Lufti*, 17-cv-1377-APG-GWF; *Meggs v. GNLV Corp.*, 16-cv-1-JAD-NJK; *Meggs v. Marlou Corporation*, 15-cv-1299-JAD-NJK; *Meggs v. Festival Center*, LLC, 14-cv-1919-JCM-PAL; *Meggs v. Boulevard Ventures*, LLC, 14-cv-1535-APG-GWF; *Meggs v. Campus Village LLC*, 14-cv-1202-JCM-NJK; *Meggs v. Mardi-Gras Inn Ltd*, 14-cv-443-JCM-GWF.[1]

Plaintiff Access 4 All, Inc. is a Florida Corporation whose members include "individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA." Docket No. 1 at 2. The organization's purpose "is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities." *Id*. Plaintiff Meggs is a member of this corporation. *Id*.

Plaintiff Meggs alleges that he visited Defendant's commercial property on Paradise Road "on multiple occasions including most recently on November 23, 2025," and that the property was "rife with ADA violations." Docket No. 1 at 3-7. Plaintiff further alleges that he visits the property "regularly," including two restaurants located on the property. Id. at 5. Plaintiff alleges that he "desires to visit the Commercial Property, not only to avail himself of the goods and services available … but to assure himself that the properties are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment" of the property. *Id*.

Defendant moves to dismiss, arguing that Plaintiffs failed to plausibly allege an imminent injury-in-fact and, therefore, this Court lacks subject-matter jurisdiction.[2]

---

[1] This is an inexhaustive list. By the undersigned's count, Plaintiff has filed 59 cases in this court since 2014, including 17 cases between February 4, 2026 and June 17, 2026.

[2] Defendant also argues that Plaintiffs have failed to join indispensable parties. Docket No. 9 at 9. Defendant fails, however, to meaningfully develop this argument. Courts do not address arguments that are not meaningfully developed. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

Article III of the U.S. Constitution confines the federal judicial power to actual "cases or controversies." U.S. Const, art. III § 2; *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). This means litigants must suffer, or be threatened with, an actual injury traceable to the defendant's actions, and that the federal court must be able to grant effectual relief. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The case-or-controversy requirement must be satisfied at every stage of judicial proceedings. *Lewis*, 494 U.S. at 477. If it is not, the federal court lacks the power to adjudicate the case and must dismiss for lack of subject-matter jurisdiction. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40 (1937).

Plaintiffs bear the burden of establishing subject-matter jurisdiction, including their own standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). At the pleading stage, the allegations pertaining to subject-matter jurisdiction must be plausible. *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014) (applying *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to Rule 8(a)(1) allegations).

The Ninth Circuit has held that "a plaintiff's motive for visiting a place of public accommodations is 'irrelevant to the question of standing.'" *Langer v. Kiser*, 57 F.4th 1085, 1094 (9th Cir. 2023) (citing *Civil Rights Educ. & Enf. Ctr.*, 867 F.3d at 1101). Plaintiffs can therefore have standing even if they are "testers," "professional" plaintiffs, or "serial" litigators. *Id.* at 1093-1094. Plaintiff Meggs' standing to assert his ADA claim thus depends on whether he suffered an injury in fact that was caused by the defendant and whether a favorable outcome would remedy the harm, assuming his allegations are true. *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992).

In order to demonstrate standing, a plaintiff first "must have actual knowledge of an access barrier or ADA violation." *Langer,* 57 F.4th at 1094 (citing *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002)). "But the plaintiff need not personally encounter the barrier or physically visit the place of public accommodation." *Id.* (citing *Civil Rights Educ. and Enf. Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093 (9th Cir. 2017)). Further, "an ADA plaintiff has standing to sue for all barriers, even ones that surface later during discovery, as long as those barriers relate to the plaintiff's specific disability." *Id.* (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d

1034, 1047 (9th Cir. 2008) and *Chapman v. Pier 1* (*U.S.*) *Imports Inc.*, 631 F.3d 939, 950–53 (9th Cir. 2011) (en banc)). Second, "because private plaintiffs are limited to injunctive relief under Title III, encountering an ADA violation in the past at a place of public accommodation is not enough." *Id.* (citing *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). "Instead, a plaintiff must establish a sufficient future injury by alleging that [he is] either currently deterred from visiting the place of public accommodation because of a barrier, or that [he was] previously deterred and that [he] intend[s] to return to the place of public accommodation, where [he is] likely to reencounter the barrier." *Id.* (citing *Chapman*, 631 F.3d at 944).

The threatened injury must be "certainly impending" and not merely speculative, contingent, or based on conjecture that the plaintiff may "someday" be harmed. *See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000). A disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered "actual injury." *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133 1138 (9th Cir. 2002).

Here, Plaintiff Meggs fails to allege that he has been deterred from visiting Defendant's property. *See* Docket No. 1. To the contrary, Plaintiff Meggs specifically alleges that he "regularly visits" the property. *Id*. at 5. Plaintiff Meggs therefore has failed to demonstrate sufficient injury and the Court does not have subject matter jurisdiction. *Langer,* 57 F.4th at 1094. Further, as Plaintiff Access 4 All's standing is based on Plaintiff Meggs' standing, the Court does not have subject matter jurisdiction as to either plaintiff. The Court therefore dismisses Plaintiffs' complaint.

Plaintiffs seek an opportunity to amend their complaint. Docket No. 15 at 7. Rule 15 of the Federal Rules of Civil Procedure requires district courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quotation omitted). "Amendment is futile

only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim." *Rosas v. GEICO Casualty Company*, 365 F. Supp. 3d 1112, 1128 (D. Nev. 2019).

The Court has concerns about whether Plaintiffs can plausibly allege facts to demonstrate standing to maintain the ADA claim due to their allegation that Plaintiff regularly visits the property. Nonetheless, pursuant to Rule 15(a), the Court will grant Plaintiffs leave to amend their complaint if they can plausibly allege sufficient facts to prove standing.

For the reasons discussed above, the motion to dismiss is **GRANTED** in part and **DENIED** in part. Docket No. 9. Any amended complaint must be filed by July 29, 2026.

IT IS SO ORDERED.

Dated: July 15, 2026

Nancy J. Koppe
United States Magistrate Judge